**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30380

LARRY WILLIAMS, GUSTAVE THOMAS; WILLIE CARTER, JR.;
EDGAR MORGAN, JR.; RONALD BECHET, SR.; PATRICIA LEBEAUX;
JEANNE MCGLORY, On behalf of themselves and all
others similarly situated,

Plaintiffs-Appellants,

VERSUS

CITY OF NEW ORLEANS, A Municipal corporation,

Defendant-Appellee.

MARC MORIAL, In his capacity as Mayor of New Orleans,
RICHARD PENNINGTON, As Superintendent of Police of New Orleans;
NEW ORLEANS CIVIL SERVICE COMMISSION; SYDNEY H. CATES, IV,
Chairman, New Orleans Civil Service Commission;
GERRI M. ELIE, Doctor; WILLIAMS R. FORRESTER, JR.;
GLENDA JONES HARRIS; JOHN P. NELSON, Commission Members.

Defendants.

Appeal from the United States District Court
For the Eastern District of Louisiana
(73-CA-629)

November 21, 1996

Before WISDOM, EMILIO M. GARZA, and PARKER, Circuit Judge.

PER CURIAM:[*]

This class action was begun in 1973 by local counsel

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

challenging racial discrimination in promotions and conditions of employment in the New Orleans Police Department, pursuant to Title VII of the civil Rights Act of 1964, and 42 U.S.C. §§ 1981 and 1983. The plaintiff class was decertified for lack of adequate representation, then recertified in 1980 when the case was taken up by attorneys for the NAACP Legal Defense and Educational Fund. Two years later, the parties entered into a proposed consent decree, which was rejected by the district court in a decision that we ultimately affirmed en banc.[1] In 1986 the parties entered into a revised consent decree, which was approved by the district court a year later. In 1992 the plaintiffs filed a motion for an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988. The plaintiffs sought an award of $973, 904  in attorney's fees, paralegal costs, and litigation expenses. The plaintiffs now appeal the district court's award of only $108,971 for attorneys' fees and $12,813 for costs.

Determination of an award for attorneys' fees requires a two-step procedure. First, the district court must determine the reasonable number of hours expended on the litigation.[2] It is well-settled that attorneys' fees must be awarded only for those hours that are reasonably necessary to adequately prosecute the

---

[1] *Williams v. City of New Orleans*, 729 F.2d 1554 (5th Cir. 1984).

[2] *Hensley v. Edkerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, (1983).

2

case.[3]  Second, the district court must determine the reasonable hourly rates for the participating attorneys.[4]

Our review of § 1988 fee awards is highly deferential.  We review an award of attorney's fees for abuse of discretion.[5]  We review the district court's determination of reasonable rates and hours reasonably expended for clear error.[6]

Reviewing the record as a whole, we find no clear error in the district court's calculation of the number of hours reasonably expended on the litigation, and we find no clear error in the district court's calculation of the reasonable hourly rates of the participating attorneys.  Accordingly we hold that the district court did not abuse its discretion in its award of attorneys' fee and costs.

We AFFIRM.

---

[3] *Id.* at 434, 103 S.Ct. at 1939.

[4] *Louisiana Power & Light co. v. Kellstrom,* 50 F.2d 319, 324 (5th Cir.), *cert. denied sub. nom., L.k. Comstock & Co., Inc. v. Louisiana Power & Light Co.,* ____ U.S. ___, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995).

[5] *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.,* 919 F.2d 374, 379 (5th Cir. 1990).

[6] *Louisiana Power and Light v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993);  *Shipes v. Trinity Industries*, 987 F.2d 311, 319 (5th Cir. 1993).